IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| JOHNNY D. RICHARDSON | : | |
| v. | : | Civil Action No. CCB-11-2607 |
| THE HONORABLE JOHN M. MCHUGH, Secretary of the Army | : | |

## MEMORANDUM

Plaintiff Johnny D. Richardson, a former employee of the Department of the Army ("the Army"), brought a claim for breach of contract against the Honorable John M. McHugh, the Secretary of the Army, in Maryland state court on August 18, 2011. The claim, filed *pro se*, is substantially similar to a claim that Mr. Richardson previously brought in this court in 2008. *See Richardson v. Geren*, 2009 WL 1313224 (D. Md. May 8, 2009). As the instant case is a civil suit against a federal officer and agency, it was properly removed to this court pursuant to 42 U.S.C. § 1442. The Army has now filed a motion to dismiss the case. Mr. Richardson has filed a response brief, and the Army has filed a reply. No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). The motion will be granted.

On May 24, 2007, Mr. Richardson and the Army entered into a Negotiated Settlement Agreement ("NSA") to resolve a discrimination complaint. The NSA specified that, prior to his resignation, Mr. Richardson would be afforded "75 calendar days" of paid administrative leave. (ECF No. 2 at 4). In Mr. Richardson's initial claim, he alleged that the Army breached the agreement by affording him only fifty-seven days of paid administrative leave, because it included weekend days as part of its calculation of "calendar days." He argued that the term "calendar days" was ambiguous, that there was no meeting of the minds as to its meaning, and

1

therefore that the contract should be voided and he should be reinstated to his position. This court granted the Army's motion to dismiss, or, in the alternative, for summary judgment, on two grounds. First, it found that Mr. Richardson had failed to timely exhaust his administrative remedies by notifying the Army's EEO director within 30 days of notice of the alleged noncompliance, as required by the NSA and the applicable EEOC regulation, 29 C.F.R. § 1614.504(a). And, second, it found that the term "calendar days" was not ambiguous, and therefore the contract was not void. *Richardson*, 2009 WL 1313224 at *1. The decision was affirmed on appeal by the Fourth Circuit. *Richardson v. Geren*, 370 Fed.Appx. 385 (4th Cir. 2010).

In this new suit, Mr. Richardson again argues that the Army breached the NSA by failing to afford him seventy-five paid days of administrative leave. The complaint contains no new arguments, though Mr. Richardson raises new arguments in his response to the Army's motion to dismiss. There, he claims that the statutory definition of annual and sick leave provided by 5 U.S.C. 6302 provides the proper lens for interpreting the language of the NSA, and that he signed the contract only under duress. (ECF No. 8 at 4). He again seeks reinstatement, but also $2,000 in monetary damages.

The Army argues that the new suit should be dismissed under the doctrine of *res judicata*, which operates to "bar[ ] a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Because Mr. Richardson's 2008 lawsuit was a federal court matter in this district court, the preclusive effect of *res judicata* on the claims raised in that suit is determined by federal law. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003). And, under federal law, an earlier claim bars a later one when: "1) the prior judgment was final and on the merits, and rendered by

a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding." *Id.* (alterations in original) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)).

*Res judicata* may not apply, however, where the district court has dismissed the first case "on alternative grounds, one procedural and one substantive." *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119 (4th Cir. 1989) (citation omitted) ("When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar."). It is not entirely clear whether the dismissal for failure to satisfy administrative exhaustion deadlines would be sufficient to establish claim preclusion, although *Stebbins v. Nationwide Mutual Insurance Co.*, 528 F.2d 934 (4th Cir.1976), supports that result in this case. *Cf. Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) (noting that "[a] decision by a federal court that . . . an administrative deadline bars an action is a decision on the merits for the purposes of claim preclusion").

In the alternative, the related doctrine of collateral estoppel bars Mr. Richardson's attempt to relitigate the exhaustion question. Collateral estoppel "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir.1998) (internal quotation marks and citation omitted).

Whether considered under claim preclusion or issue preclusion, this suit is barred. The previous ruling was final, valid, and affirmed by the Fourth Circuit. The facts in this case remain exactly the same as they were two years ago. Mr. Richardson has taken no steps to remedy his

jurisdictional problem. Indeed, because of the time limit of the administrative remedy, there is no way he can do so. Mr. Richardson had a full and fair opportunity to litigate the exhaustion issue in his prior appearance before this court.  Further, it remains true that the term "75 calendar days" in the NSA was not ambiguous.  The Army's interpretation of the document is correct.

  For all of the foregoing reasons, this case is dismissed.  A separate order follows.

<u>October 24, 2011</u>              <u>    /s/        </u>
  Date                   Catherine C. Blake
                      United States District Judge